UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

SHARON STRAHL,
 on behalf of herself and the class defined herein,

                    Plaintiff,

         v.

SETERUS INC.

                    Defendant.
-----------------------------------------------------X

**CV 13 - 0953**

### CLASS ACTION COMPLAINT

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   FEB 1 9 2013   ★

BROWN, M. J.

BROOKLYN OFFICE

Plaintiff, by her attorney, Shimshon Wexler, as and for her complaint against the

defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure,

all others similarly situated, alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and

collection practices engaged in by defendant Seterus, Inc. ("Seterus"). Plaintiff alleges violations

of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

2.      The FDCPA broadly prohibits unfair or unconscionable collection

methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e

and 1692f.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction in this District are proper because:

   a. Defendant's communications were received by plaintiff within this District;

   b. Defendant does business within this District.

## PARTIES

5. Plaintiff, Sharon Strahl, is an individual who resides in Long Beach, New York.

6. Defendant, Seterus is a Delaware corporation with offices at 3039 Cornwallis Road, Bldg. 203, Suite CC133 in Research Triangle Park, NC 27709.

7. Upon information and belief, Seterus is a mortgage servicer that regularly begins servicing debts that are in default when Seterus begins servicing them and thus qualifies as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

8. On or about October 15th 2012, plaintiff received a letter from Seterus which was dated October 9th 2012 seeking to collect a debt, namely a mortgage debt securing plaintiff's home.

9. The letter was the initial collection communication with the consumer as defined by the FDCPA.

10. The letter sent to plaintiff is a standard form document.

11. More than 50 letters similar to the one plaintiff received have been conveyed during the last 12 months.

12.    The letter sent to plaintiff is conveyed to consumers with the knowledge and consent of defendant.

13.    Documents in the form represented by the letter sent to plaintiff are regularly conveyed to collect delinquent debts.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

15.    The conduct of Seterus in this case violates 15 U.S.C. §§1692 and 1692g.

Section 1692g entitled Validation of Debts states
(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16.    Defendant's letter did not list items §1692(g)(a)(1) and §1692(g)(a)(2).

17.    As a result of the illegal conduct of Seterus, plaintiff is entitled to statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

18.     Plaintiff brings this action on behalf of a class, pursuant to Federal Rules
of Civil Procedure Rule 23(a) and 23(b) (3).

19.     The class consists of all individuals with a New York address who were
sent a letter similar to the one plaintiff was sent as described above, when they were in default on
their loan when it was transferred to Seterus and the letter did not state the amount of the debt or
the name of the creditor in the initial letter sent by Seterus on or after a date one year prior to the
filing of this action and on or before a date 20 days after the filing of this action.

20.     The class is so numerous that joinder of all members is not practicable.
On information and belief, there are at least 40 members of the class.

21.     There are questions of law and fact common to the class, which common
questions predominate over any questions relating to individual class members.  The
predominant common question is whether the activities of the defendant violate the FDCPA.

22.     Plaintiff's claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

23.     Plaintiff will fairly and adequately represent the class members.  Plaintiff
has retained counsel experienced in class actions and FDCPA litigation.

24.     A class action is superior for the fair and efficient adjudication of this
matter, in that:

        a. Individual actions are not economically feasible;

        b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

        **WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)      Statutory damages and actual damages;

(2)      Attorney's fees, litigation expenses and costs of suit;

(3)      Such other and further relief as the Court deems proper.

Dated: New York, New York
2/14/2013

              **The Law Offices of Shimshon Wexler, PC**

By: _____

      Shimshon Wexler (SW0770)
      Attorney for Plaintiff
      PO Box 250870
      New York, New York 10025
      Tel: (212)760-2400
      Fax: (917)512-6132
      swexleresq@gmail.com